[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8025
This case involves a judgment obtained on or about April 2, 1996, by the plaintiffs, Gunvanti N. Vakharia and Bharat Vakharia against the defendants, Prakash Parmar and Dinesh Parmar, in the state of New York, for $393,682. An exemplified copy of the judgment was filed in this court pursuant to General Statutes § 52-065.
In 1988, the defendant, Prakash Parmar, won the Connecticut State Lottery in the amount of $3,200,000 which the plaintiffs have garnished pursuant to an order of this court.
The defendants have filed Motion #111 to dismiss on the basis that there is no statutory authority for a garnishment of lottery winnings. They argue that General Statutes § 12-568, which permitted such garnishment, was repealed by Public Act No. 96-236.
"The Motion to Dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." PracticeBook § 143. "A Motion to Dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991).
This court has jurisdiction to enforce a foreign judgment as per General Statutes § 52-604 et seq. The defendants' Motion to Dismiss is based upon their allegation that the garnishment statute relied upon by the plaintiffs have been repealed. This contention, however, relates only to the court's December 10, 1996, order garnishing the defendant's lottery winnings. This claim does not implicate the jurisdiction of this court. The Motion to Dismiss is denied since the argument regarding garnishment does not implicate the jurisdiction of the court.
So Ordered.
Dated at Stamford, Connecticut, this 31st day of July, 1997.
WILLIAM B. LEWIS, JUDGE CT Page 8026